UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>    **LA. DOC #424229**<br>VS. | **CIVIL ACTION NO. 6:13-2118**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **"DATELINE" NBC** | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM RULING

Before the Court is the Motion to Recuse filed by *pro se* plaintiff Brandon Scott Lavergne. [rec. doc. 16]. By this Motion, Lavergne seeks to disqualify the undersigned Magistrate Judge from presiding over this and all of the other cases he has filed in this Court on grounds of alleged bias because he is dissatisfied with the Reports and Recommendations issued by the undersigned in these cases.

A recusal motion is committed to the sound discretion of the judge.[1] *In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984) *citing Chitamacha Tribe of Louisiana v.*

---

[1] 28 U.S.C. § 455 provides as follows:
   (a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned.
   (b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party....
28 U.S.C. § 144 provides as follows:
   Whenever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . .

The standards for recusal under 28 U.S.C. § 144 are substantially the same as those for recusal under 28 U.S.C. § 455 with the exception that the obligation to identify the existence of grounds for recusal is placed upon the judge himself, rather than requiring recusal only in response to a party affidavit. *See Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 1153 (1994).

*Harry L. Laws Co.,* 690 F.2d 1157, 1166 (5th Cir. 1982); *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227, 229-230 (5th Cir. 1998).

The allegations herein do not require the undersigned to be recused from the instant matter or any of the other lawsuits filed by Lavergne in this Court. First, rulings adverse to a party in a judicial proceeding do not render the judge biased against the losing party. *In the Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993) *citing United States v. MMR Corp.,* 954 F.2d 1040, 1045 (5th Cir. 1992) and *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986). Thus, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id.* Moreover, recusal cannot be based on an opinion developed during the course of judicial proceedings unless the opinion "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

In the instant matter, Lavergne complains of the undersigned's adverse rulings recommending dismissal of his lawsuits. He cites the undersigned's alleged failure to consider the allegations contained in his Motions to Amend, all of which have now been denied, and a footnote[2] and a misquoted sentence[3] in the Report and Recommendation in

---

[2] The footnote merely states that in finding Lavergne's defamation claim not actionable as a result of his libel-proof plaintiff status. The undersigned was additionally aware of the burden on the defendants and potential jurors if the Court allowed an insubstantial claim proceeding to trial.

[3] Lavergne states that the undersigned wrote that he admitted he had "pursued, kidnaped, and murdered" both women. However, the sentence actually states that "Lavergne has been convicted of the

the instant case; Lavergne provides no other source, much less any extra-judicial source, for his alleged claim of bias.  In the absence of such a source, there is no circumstance which would suggest any appearance of impropriety nor any factor which could be interpreted as demonstrating any "deep-seated and unequivocal antagonism" rendering the undersigned's Reports and Recommendations unfair or the undersigned biased. *See Liteky*, 510 U.S. at 555-556.  The undersigned's rulings are simply an inadequate basis for disqualification.

   Further, it has been consistently held that conclusions, rumors, beliefs, conjecture, innuendos, speculation, opinions, or spurious or vague charges of partiality or prejudice are not sufficient to form the basis for disqualification.  Rather, the charges must be supported by a reasonable factual basis.  *McClelland v. Gronwaldt,* 942 F.Supp. 297 (E.D.Tex. 1996) *citing Henderson v. Dept. Of Public Safety and Corrections,* 901 F.2d 1288, 1296 (5th Cir. 1990), *Parrish v. Bd. of Commissioners of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir. 1975), *U.S. v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985), *Chitamacha Tribe,* 690 F.2d at 1167, *In re American Ready Mix*, *Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994) and *Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992); *General Aviation, Inc. v. Cessna Aircraft Co.,* 915 F.2d 1038, 1043 (6th Cir. 1990); *McCann v. Communications Design Crop*., 775 F.Supp. 1506, 1523 (D.Conn. 1991); *TV*

---

first degree murder of two young women who he admittedly pursued and kidnaped. . . . " Lavergne pled guilty to the first degree murder of both Pate and Shunick, whether or not he admitted the facts of the Pate pursuit and kidnaping.

3

*Communications Network, Inc. v. ESPN, Inc*., 767 F.Supp. 1077, 1080 (D. Col. 1991); *In re Martin-Trigona*, 573 F.Supp. 1237, 1243 (D.C. Conn. 1983); *U.S. v. Kelly*, 519 F.Supp. 1029, 1033 (D.C. Mass. 1981).

Lavergne provides no reasonable factual support for his claim of bias.  Rather, he relies solely on his personal belief that the undersigned is biased because of the recommended dismissals of these cases.  However, based on the records presently before this Court, the undersigned's impartiality is not reasonably questioned, nor would any reasonable person harbor any doubts about the undersigned's impartiality based on Lavergne's unsubstantiated allegations.  Lavergne's mere allegations without supporting facts are insufficient to require recusal.

Finally, the undersigned does not know Lavergne and has had no prior dealings with him to form the basis for any personal bias or prejudice against him, nor does the undersigned harbor any personal bias or prejudice in favor of any of the named defendants in his lawsuits.  The recommendations to dismiss Lavergne's lawsuits are based on the law and only the law set out in the Report and Recommendations issued by the undersigned. Lavergne's remedy is to object to the Reports and Recommendations and appeal adverse rulings, not recusal.

For these reasons;

**IT IS ORDERED** that Lavergne's Motion to Recuse the undersigned [rec. doc. 16] is **DENIED.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 7th day of March, 2014.

*C. Michael Hill*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE